IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NATIVIDAD BRATTAIN,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSON,<br><br>Respondent. | Cause No. CV 18-30-GF-BMM-JTJ<br><br>AMENDED ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Natividad Brattain's

application for writ of habeas corpus under 28 U.S.C. §2254, filed January 31,

2018.  Brattain is a state prisoner proceeding pro se.

## I.     Background

Brattain was one of a group of petitioners that joined in filing what they

characterized as an "En Masse Petition for Writ of Habeas Corpus as per 28 U.S.C.

§ 2254 and Rule 20(a) and Rule 23 of the Federal Rules of Civil Procedure."

(Doc. 2).  The "en masse" petitioners sought to challenge the constitutionality of

the criminal charging process utilized against them by the State of Montana.  *Id.* at

20-34.

Brattain, and the additional petitioners, were notified that the Court would

not allow them to proceed as a group and that separate cases would be opened for

1

each.  (Doc. 1 at 2-5).  Petitioners were then ordered to respond individually to advise the Court whether or not they wished to proceed and, if so, petitioners were directed to each complete the Court's standard habeas form.  *Id*. at 5-6.  Brattain did not respond to this Court's order.

### i.      Motion for Leave to Proceed in Forma Pauperis

Brattain has moved this Court to be granted in forma pauperis status.  (Doc. 3).  Because there is no reason to delay this matter further, Brattain's motion will be **GRANTED**.

### ii.     Supplement to Petition

In a Supplement to his Petition, Brattain asks this Court to dismiss Theft, Sexual Abuse of Children, Sexual Assault, and Sexual Intercourse without Consent convictions handed down in Montana's Ninth Judicial District Court, Glacier County, in Cause No. DC-12-034 and DC-12-24.  (Doc. 4 at 1).[1]  The argument is premised upon what Brattain believes to be a faulty and unconstitutional state criminal charging process utilized in felony prosecutions.  *Id*.[2]  Brattain contends he was entitled to be prosecuted either following the empaneling of a grand jury or a preliminary probable cause hearing.  *Id*.

But this Court is not able to provide Brattain the relief sought.  Federal

---

[1] *See also* Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3012418 (accessed March 19, 2018).
[2] All of the "en masse" petitioners filed an identical supplement, but each specified his individual state-court conviction(s).

2

district courts, as courts of original jurisdiction, do not serve as appellate tribunals

to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d

540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of*

*Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no

power whatever to sit in direct review of state court decisions"). It would be

entirely inappropriate for this Court to review and dismiss the state convictions as

suggested by Brattain. To the extent that the Supplement (Doc. 4) is construed as a

Motion to Dismiss, the motion is **DENIED**.

> ### iii.    28 U.S.C. § 2254 Petition

As noted, Brattain has not filed an individual petition for habeas corpus

relief as directed. And as stated in this Court's prior order of February 6, 2018,

Brattain is precluded from filing his request for habeas relief en masse with other

petitioners. (Doc. 1 at 2-6). Dismissal on that ground is appropriate. *See Stewart*

*v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)(explaining that dismissal for

technical procedural reasons should not bar prisoners from ever obtaining federal

habeas review)(citing *United States ex rel. Barnes v. Gilmore*, 968 F. Supp 384,

385 (N.C. Ill. 1997) and *Marsh v. U.S. Dist. Court for Northern Dist. of California*,

1995 WL 23942 at *1 (N.D. Ca. 1995)). Recognizing that courts generally treat

pro se habeas petitioners leniently, the dismissal should be without prejudice.

*Castro v. United States*, 540 U.S. 375, 377 (2003); *Woods v. Carey*, 525 F. 3d 886,

889-90 (9th Cir. 2008).

## II.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims advanced by Brattain do not appear to make a substantial showing that he was deprived of a constitutional right.  No reasonable jurist would suggest the Court go forward with the case without Brattain's participation.  A certificate of appealability should be denied because reasonable jurists would find no reason to encourage further proceedings.

Based on the foregoing, the Court enters the following:

## ORDER

1. Brattain's Motion to Proceed in Forma Pauperis (Doc. 3) is GRANTED.

The Clerk of Court shall waive payment of the filing fee.

2. To the extent that Brattain's Supplement (Doc. 4) is construed as a

Motion to Dismiss, the request is DENIED.

## RECOMMENDATION

1. Brattain's Petition (Doc. 2) should be DISMISSED without prejudice.

2. The Clerk of Court should be directed to enter a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Brattain may object to this Findings and Recommendation within 14

days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

novo determination by the district judge and/or waive the right to appeal.

Mr. Brattain must immediately notify the Court of any change in his mailing

address by filing a "Notice of Change of Address." Failure to do so may result in

dismissal of this action without notice to him.

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Brattain is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

DATED this 18th day of April, 2018.

                                    */s/ John Johnston*
                                    John Johnston
                                    United States Magistrate Judge